UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| PEGRUM CREEK, LLC, ) | Case No. 24-81037-CRJ11 |
| EIN: XX-XXXX6194 ) | Chapter 11 |
| ) | |
|     Debtor. ) | |
| _____ ) | |
| ) | |
| PEGRUM CREEK, LLC, ) | |
| ) | |
|     Plaintiff/Debtor-in-Possession ) | Adv. Proc. No. _____ |
| ) | |
| v. ) | |
| ) | |
| HICO UTILITY CO., LLC, ) | |
| ) | |
|     Defendant. ) | |

## COMPLAINT

Plaintiff Pegrum Creek, LLC (the debtor-in-possession) seeks a declaration that three of its real estate parcels are not encumbered by any property right of Defendant HICO Utility Company, LLC.

### JURISDICTION, VENUE, AND PARTIES

1. This adversary proceeding is brought pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure under 11 U.S.C. §§ 101-1330.

2. This Court has jurisdiction over the subject matter of this adversary proceeding pursuant to 28 U.S.C. § 1334 because lien-validity determinations arise in bankruptcy cases. This adversary proceeding is a core proceeding as to which the Court may enter final judgment under 28 U.S.C. § 157(b)(2)(K).

3. Venue of this action is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409(a).

1

4. Pegrum Creek, LLC is the debtor-in-possession in the underlying bankruptcy case.

5. Defendant HICO Utility Co., LLC is an Alabama limited liability company that may be served with process via its Registered Agent, Corporation Services Company Inc., at the following address: 641 South Lawrence Street, Montgomery, AL 36104.

## BACKGROUND

6. This case stems from HICO insisting that three future-promise contracts with Pegrum create three enforceable easements that HICO wants to maintain if Pegrum sells the three encumbered properties.

7. Pegrum is a real-estate developer that, in early 2022, bought three contiguous properties in New Market, Alabama (the "Properties").[1] HICO is a private utility company that provides sewer services in that area, but it had not yet laid sewer lines to service these Properties.

8. Anticipating developing the Properties, Pegrum began talking with HICO about supplying those services to them. And on May 4, 2022, Pegrum and HICO entered an agreement for each of the Properties (the "Agreements") that each purported to impose the same four obligations on Pegrum (the "Obligations"):

> i. **Wastewater Obligation:** "The Owner [Pegrum] shall grant sole rights to The Company [HICO] for treatment of wastewater generating from The Property as a result of any and all residential and/or commercial development. The Owner does hereby guarantee that no on-site sewer treatment will be available inside the property boundary."

---

[1] The agreements at issue here identify the properties by tax ID numbers: (1) 03-08-28-0-000-046.000 (1375 Walker Ln.); (2) 03-08-33-0-000-007.000 (0 Walker Ln.); and (3) 03-08-28-0-000-040.000 (0 Narrow Ln.). Ex. A, HICO Agmts.

      ii. **Infrastructure Obligation:** "The Owner shall provide a perpetual easement on and through The Property to The Company for which mainline structures shall be placed. The Owner shall forfeit all rights to infrastructure inside said easements. All private sewer easements will be dedicated to The Company upon final platting of the developed Property."

      iii. **Financial Obligation:** "The Owner or future developer of property shall be financially responsible for infrastructure to the point of connection with The Company mainline."

      iv. **Sewer Service Obligation:** "The Owner does hereby agree to the terms and conditions for sewer service as required by The Company at the time of Property development and does so pledge to sign an agreement containing The Company's covenants for use by developers of Property, builders of Property and customers of Property."

*See* Ex. A, HICO Agmts.

    9.    Also for each of the Properties, the Agreements claimed that they "shall be construed as a covenant running with the land and shall be in effect unless the Sewer System shall have been transferred to and the maintenance thereof assumed by some governmental agency or public authority." *Id.*

    10.    HICO has filed each of these Agreements in each Property's chain of title and benefits greatly from their lopsided Obligations, insisting that they are valid easements that bind future owners. But whether for lack of witnesses, lack of consideration, or lack of present agreement, none of these are valid. This Court should declare as much, clearing the Properties' titles so that Pegrum can sell them at an unencumbered market rate.

## CAUSE OF ACTION
### 28 U.S.C. § 157(b)(2)(K): Declaring the Easements Invalid

11. This Court has authority to declare that the Agreements, whatever they are, are not valid easements. 28 U.S.C. § 157(b)(2)(K).

12. First, none of the Agreements are enforceable easements because none comply with the statutorily required witness requirement, or even the back-up attestation option. *Miss. Valley Title Ins. Co. v. Hardy*, 541 So. 2d 1057, 1061 (Ala. 1989) (citing Ala. Code § 35-4-20).

13. Second, the Financial Obligation, relating solely to financial (not property) rights, lacked the required consideration. While no consideration is needed to validly convey real estate interests, *Davis v. Weatherington*, 514 So. 2d 943, 944 (Ala. 1987), this Financial Obligation has no such interest. Rather, it says that Pegrum "or future developer of property shall be financially responsible for infrastructure" in the easement to connect it to HICO's "mainline." That is no property interest and touches and concerns no land, imposing no restrictions on its use. As a result, that non-property right *does* require some bargained-for exchange. *Ex parte Grant*, 711 So. 2d 464 (Ala. 1997). HICO gave nothing.

14. Third, the other three Obligations are nothing but "agreements to later agree," which "are not enforceable" without being "definite in all of its terms and conditions so that the court can know what the parties have agreed upon." *Alexander v. Petroleum Installation Co.*, 695 So. 2d 30, 31 (Ala. Civ. App. 1996) (quotations omitted). Take the Wastewater Obligation and the Infrastructure Obligation. Each just says that Pegrum "shall grant," "shall provide," and "shall forfeit"—all *future* actions with no certain date or guidelines. Present actions look like saying Pegrum "grants," "provides," and "forfeits"—even better if each was preceded by "hereby." Bolstering that, the recitals say that Pegrum at the time just "wish[ed] to develop the

4

property," indicating *future* plans to "grant," "provide," and "forfeit." But nothing in these two Obligations indicated that Pegrum—by signing these Agreements—granted, provided, or forfeited anything, making both invalid easements.

15. The future-agreement aspect of the Sewer Service Obligation is even more blatant. It has two parts. First, Pegrum "does hereby agree to the terms and conditions for sewer service as required by [HICO] at the time of Property development" sometime in the future. Second, Pegrum "pledge[s] to sign an agreement containing [HICO's] covenants." It might as well have said that Pegrum "[agrees] to sign an agreement"—per se unenforceable absent definite terms. *Id.* But because both parts lack those certain terms, like "the date of the future [agreement]" or "the contingencies that must occur," this Sewer Service Obligation creates zero binding agreements, and zero liens. *Shacklette v. Drawdy*, 816 So. 2d 486, 489 (Ala. Civ. App. 2001).

16. With all four Obligations invalid, this Court should declare them as such.

WHEREFORE, Pegrum requests that the Court enter judgment declaring that all three Agreements are invalid and create no easement or any other kind of lien on the Properties.

RESPECTFULLY SUBMITTED:

*/s/ Trent Meriwether*
Stuart M. Maples (ABS-1974-S69S)
Trent Meriwether (5616Z28N)
Thompson Burton PLLC
200 Clinton Avenue West, Suite 1000
Huntsville, Alabama 35801
(256) 489-9779
smaples@thompsonburton.com
tmeriwether@thompsonburton.com
*Debtor-in-Possession's Counsel*